UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 20-4088 ODW (PVC)                    Date:  July 20, 2020

Title        Robert Lee Jenkins, Jr. v. C/O Drake

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| :---: | :---: |
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE
MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT
THIS ACTION BE DISMISSED FOR LACK OF HABEAS
JURISDICTION**

Pending before the Court is a habeas petition filed under 28 U.S.C. § 2254 by Robert Lee Jenkins, Jr., a California state prisoner state prisoner proceeding *pro se*. ("Petition," Dkt. No. 1).  Petitioner is serving two consecutive life terms with the possibility of parole, plus a consecutive determinate eight month term, pursuant to his 1992 convictions in the Los Angeles County Superior Court on two counts of torture, one count of mayhem, two counts of assault with a deadly weapon, one count of corporal injury to a cohabitant, and one count of possession of a firearm by a felon.  (*See Robert Lee Jenkins, Jr. v. On Habeas Corpus*, C.D. Cal. Case No. CV 18-9026 ODW (SS), Dkt. No. 12 at 2).

While the Petition is nearly impossible to understand, Petitioner appears to allege in relevant part that his conviction in a disciplinary proceeding on September 15, 2018 at the California Men's Colony, where he was then housed, violated his due process rights. Petitioner further contends that the Rules Violation Report that gave rise to the disciplinary proceeding was falsely issued in retaliation for his having filed grievances

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4088 ODW (PVC)                    Date:  July 20, 2020

Title        Robert Lee Jenkins, Jr. v. C/O Drake

against prison employees, in violation of his First Amendment rights.  (Petition at 11-12).[1]

According to the Petition, on September 4, 2018, Lieutenant Escobedo ordered Officer Farley to move Petitioner from his "Americans with Disabilities Act" dorm to a non-ADA dorm because Petitioner had filed a grievance against Officer Drake.  (*Id.* at 11).  Petitioner slipped and fell in the shower in the non-ADA dorm and was moved back to the ADA dorm on September 5, 2018.  (*Id.* at 12).  The prison's written "Disciplinary Hearing Results" report, attached as an exhibit to the Petition, (*id.* at 27-31), states that Petitioner was accused of attempting to intimidate Officer Farley from performing his duties on September 4, 2018, by threatening him with legal action if he did not reverse the bed move.  (*Id.* at 29).  Petitioner was found guilty and was "assessed Temporary Privilege Group 'C' placement for a period of thirty (30) days."[2]  (*Id.* at 30).  Prisoners subject to Group "C" restrictions are confined to their assigned dorm room after 1 p.m. daily, with exceptions for evening meals, work assignments, therapy sessions, medical appointments, religious programs, and law library access, among other permissible activities.  Group "C" prisoners are also subject to program restrictions, such as being allowed only 1/4 of their maximum canteen draw, only emergency telephone calls, no quarterly packages, and no family visits, among other limitations.  (*Id.* at 35).

---

[1] Citations to the Petition follow the CM/ECF-generated page numbers on the Court's docket.

[2] The incidents at issue in the Petition were previously the subject of a civil rights action filed by Petitioner in this Court.  (*See Robert Lee Jenkins, Jr. v. T. Drake, et al.*, C.D. Cal. Case No. CV 19-5656 ODW (PVC), Dkt. Nos. 1 (Complaint) & 9 (First Amended Complaint)).  That action was dismissed with prejudice on May 28, 2020 after Plaintiff declined to cure the pleading defects in the First Amended Complaint.  (*See id.*, Dkt. Nos. 15 (Report and Recommendation), 20 (Order Accepting) & 21 (Judgment)).  Petitioner's appeal of the dismissal of that action is currently pending in the Ninth Circuit.  (Dkt. No. 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4088 ODW (PVC)                    Date:  July 20, 2020

Title      Robert Lee Jenkins, Jr. v. C/O Drake

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (internal citation omitted).  The district court's jurisdiction to provide relief depends on whether a given claim is presented in a habeas petition or a civil rights complaint.  In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held: "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus." *Id.* at 499 (emphasis added).  A claim falls within the core of habeas corpus where "success in that action would *necessarily* demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added).  Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

Challenges to disciplinary proceedings may or may not give rise to a habeas claim.  For example, <u>*Preiser*</u> was brought by state prisoners who challenged the loss of good time credits as a result of disciplinary determinations.  In that case, restoration of the forfeited credits would have resulted in the prisoners' "immediate release from physical custody." <u>*Preiser*</u>, 411 U.S. at 487.  The Supreme Court held that because restoration of the credits would necessarily shorten the length of the prisoners' confinement in prison, their claims fell within the "core of habeas corpus." *Id.*

However, the loss of good time credits does not inevitably bring a case within the core of habeas corpus.  In *Nettles*, a state prisoner serving an indeterminate life term with the possibility of parole filed a habeas petition challenging a disciplinary conviction that resulted in the loss of good time credits. *Nettles*, 830 F.3d at 925-27.  Petitioner argued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-4088 ODW (PVC)                    Date:  July 20, 2020

Title      Robert Lee Jenkins, Jr. v. C/O Drake

that if his rules violation report were expunged, he would be more likely to obtain an earlier, and favorable, parole hearing.  *Id.* at 934.  The Ninth Circuit concluded that petitioner's claim did not fall within the core of habeas corpus because "[s]uccess on the merits of [his] claim would not *necessarily* lead to immediate or speedier release . . ."  *Id.* at 934 (emphasis added).  The Court explained that in determining a prisoner's suitability for parole, the parole board must consider "[a]ll relevant, reliable information" bearing on whether a prisoner constitutes a threat to public safety.  *Id.* at 935 (quoting Cal. Code Regs. tit. 15, § 2281(b)).  A rules violation is merely one of the factors the board may consider, and "[b]ecause the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole."  *Id.* (internal citation to *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) omitted).  Accordingly, because the parole board could deny parole even if the rules violation report were expunged, success on the claim would not necessarily result in petitioner's "immediate or earlier release."  *Id.* at 935.  As such, the Ninth Circuit determined that petitioner's claim could be brought only under § 1983.  *Id.*

Here, it does not appear that Petitioner's claims, however construed, fall within the "core" of habeas corpus.  The sole penalty imposed as a result of the disciplinary proceeding challenged in the Petition was the temporary assessment of Privilege Group "C" status.  While Group "C" status restricted Petitioner's movement within the prison and his ability to program, it did not prolong his prison term, and therefore did not affect the "fact or duration" of his confinement.  However, even if Petitioner had lost good time credits as punishment for his disciplinary conviction, which he did not, it still does not appear that he would be able to assert a habeas claim challenging that loss because he is serving two consecutive indeterminate life terms.  Like the petitioner in *Nettles*, any restoration of forfeited good time credits would not *necessarily* result in Petitioner's immediate or earlier release because he could still be denied parole based on any of the factors that the parole board is authorized to consider.  It does not appear that the Court could grant any relief on the claims in the Petition that would necessarily "shorten the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 20-4088 ODW (PVC)                    Date:  July 20, 2020

Title       Robert Lee Jenkins, Jr. v. C/O Drake

prisoner's sentence."  Consequently, "habeas jurisdiction is absent."  *Ramirez*, 334 F.3d at 859.[3]

Because Petitioner's claims do not challenge the fact or duration of his confinement, the Petition does not appear to confer habeas jurisdiction upon this Court. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.

|  |  |
|---|---|
| | 00:00 |
| **Initials of Preparer** | mr |

---

[3] Petitioner foreclosed his ability to litigate his claims under 42 U.S.C. § 1983 by declining to cure the deficiencies in his defective First Amended Complaint.  Therefore, unless the Ninth Circuit reverses this court's dismissal of Petitioner's civil rights claims with prejudice, Petitioner will be unable to re-assert any claims involving the incidents alleged in the Petition in a civil rights action.